R. H. MACY & COMPANY, INC., Plaintiff, *v.* PENNSYLVANIA TRANS-PORTATION COMPANY, INC., Defendant.*

Municipal Court of New York, Borough of Manhattan, Third District, December 15, 1932.

*Affd., 149 Misc. 460.

130

*Emmet L. Holbrook*, for the plaintiff.

*Single & Hill*, for the defendant.

CURTIN, J.  The defendant admits liability, and the only question is the amount which the plaintiff is entitled to recover.  The plaintiff contends it is entitled to the full actual damage sustained, while the defendant contends that the plaintiff is limited to a proportion under clause 2 of the shipping receipt.  The cases relied on by the defendant all involved interstate shipments where the rights and liabilities of the parties were controlled by the Interstate Commerce Act and the decisions of the Federal courts.  The defendant is a common carrier, but *not* subject to the Interstate Commerce Act, and, therefore, the Federal decisions defining the rights and liabilities of shippers and carriers under the act, as well as the State court decisions governed by and following the Federal cases have no application to the issues in this action.  In this class of cases the terms of the shipping receipt are controlling, and the question is whether or not the value declared is intended to fix an arbitrary value on the goods for the purpose of computing or prorating damages in the event of a partial loss or damage; or whether or not the value declared is intended merely to fix the rate of freight and a limit beyond which a recovery may not be had in the event of partial loss or damage.

After a consideration of the admitted facts and the clauses of the shipping receipt I decide that the declared value in this case was intended to fix the rate of freight and merely to limit the amount of recovery in the event of partial loss or damage, and that the plaintiff is entitled to recover the sum of $385.31, since such sum does not exceed the value declared.  (*The Caledonier*, 42 F. [2d] 856; *Duplan Silk Co.* v. *Lehigh Valley R. R.*, 223 Fed. 600; *Carleton* v. *Union Storage, etc., Co.*, 137 App. Div. 225; *Hart* v. *Pennsylvania R. R.*, 112 U. S. 331.)

I, therefore, direct judgment in favor of the plaintiff R. H. Macy & Company, Inc., against the defendant Pennsylvania Transportation Company, Inc., for the sum of $385.31, with interest from March 9, 1929.